**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| PAUL L. TODD, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 2:08-CV-314-PRC |
| ) | |
| LAKE COUNTY SHERIFF'S ) | |
| DEPARTMENT, *et al.* ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Verified Motion for Leave of Court to Amend Complaint [DE 73], filed by Plaintiff on October 16, 2012. Lake County Sheriff's Department and Officers John Doe (the Lake County Defendants) filed a response on October 25, 2012, and the Town of Schererville, Indiana and Officer Hunter (the Schererville Defendants) filed a response on October 26, 2012. Plaintiff has not filed a reply, and the time to do so has passed.

**PROCEDURAL HISTORY**

On October 29, 2008, Plaintiff filed a Complaint alleging that he was falsely arrested, falsely imprisoned, and beaten by Defendants in violation of the Fourth and Fourteenth Amendments and Indiana state law. Plaintiff's original counsel withdrew from the case on or about February 9, 2011, and his current counsel filed his appearance on February 17, 2012. The deadline for Plaintiff to file any motions to amend pleadings was March 5, 2009, and no motion to extend that deadline was filed. After numerous extensions of other discovery deadlines, discovery in this case closed on April 6, 2012. On July 13, 2012, the Schererville Defendants filed a Motion for Summary Judgment, and on July 15, 2012, the Lake County Defendants filed a Motion for Summary Judgment.

## ANALYSIS

In the instant Motion, Plaintiff requests that the Court grant him leave to amend the Complaint to add numerous defendants to the Complaint upon Plaintiff's belief that they were involved in the occurrences underlying the original Complaint. The Lake County Defendants argue that the proposed amendment would cause them undue prejudice and harm, is barred by the applicable statute of limitations, and has no legal justification under Federal Rule of Civil Procedure 15. The Schererville Defendants argue that allowing the amendment would cause prejudice to them since discovery would need to be reopened and that the amendment is futile because the new allegations would be barred by the statute of limitations.

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings and provides, in part:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Here, because the time for Plaintiff to amend his pleading as a matter of course has expired and the opposing parties have not given consent, Plaintiff must seek leave of Court.

If the underlying facts or circumstances relied upon by a party are a potentially proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies

within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

Although delay itself is not a sufficient grounds to deny a motion to amend, it is a factor to consider, and "the longer the delay, the greater the presumption against granting leave to amend." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (citations and quotations omitted). The Seventh Circuit has identified two events after which a motion to amend is generally considered to be unduly delayed and prejudicial: the close of discovery and the filing of a motion for summary judgment. *Sanders v. Venture Stores*, 56 F.3d 771, 774-75 (7th Cir. 1995) (listing cases).

In this case, the delay was extensive: the motion to amend was filed more than three years after the expiration of the deadline for motions to amend, six months after the discovery deadline, and three months after the filing of motions for summary judgment. Plaintiff does not provide any explicit argument as to why he waited so long to file the instant Motion or why it could not have been filed earlier. Furthermore, "[u]ndue prejudice occurs when the amendment brings in entirely new and separate claims, adds new parties, ... and when the additional discovery is expensive and time-consuming." *Jacobs v. Xerox Corp. Long Term Disability Plan*, 520 F. Supp. 2d 1022, 1046 (N.D. Ill. 2007) (quoting *In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. 1999)). The proposed amendment adds numerous additional parties and would require both reopening the discovery deadline and resetting the dispositive motion deadline. As a result of the undue prejudice combined with the extensive and unexplained delay in filing the instant Motion, Plaintiff's request

3

to amend is denied.

Defendants also argue that Plaintiff's Motion to Amend is futile because the amendment would be barred by the statute of limitations. An amendment is considered "futile" if it would not withstand a motion to dismiss or motion for summary judgment. *Sound of Music Co. v. Minnesota Min. & Mfg. Co.*, 477 F.3d 910, 923 (7th Cir. 2007). However, because the Court has determined that the Motion to Amend will be denied on the grounds of undue delay and prejudice, it need not address the merits of the claims against the proposed parties.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** the Verified Motion for Leave of Court to Amend Complaint [DE 73].

So ORDERED this 7th day of November, 2012.

                                  s/ Paul R. Cherry
                                  MAGISTRATE JUDGE PAUL R. CHERRY
                                  UNITED STATES DISTRICT COURT

cc: All counsel of record