# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

PAUL L. TODD,         )
       Plaintiff,      )
                 )
     v.               )       Cause No.: 2:08-CV-314-PRC
                 )
LAKE COUNTY SHERIFF'S     )
DEPARTMENT, *et al.*     )
       Defendants.    )

## FINDINGS, REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE PURSUANT TO
## 28 U.S.C. § 636(b)(1)(B) & (C)

This matter is before the Court on a Partial Motion for Summary Judgment [DE 63], filed by Defendants Town of Schererville, Indiana, and Officer D. Hunter (the "Schererville Defendants") on July 13, 2012, and a Joint Motion for Summary Judgment by Lake County Sheriffs Department and Officers John Doe [DE 65], filed by Defendant Lake County Sheriff's Department and Officers John Doe (the "Lake County Defendants") on July 15, 2012.

On March 11, 2013, Judge James T. Moody entered an Order of Referral [DE 83] referring the Joint Motion for Summary Judgment by Lake County Sheriffs Department and Officers John Doe [DE 65] as to the Officers John Doe defendants only to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C) on the Motion for Summary Judgment as to the Officers John Doe defendants. The Motion for Summary Judgment filed by the Schererville Defendants and the Motion for Summary Judgment as to the Lake County Sheriff's Department contained within the Joint Motion for Summary Judgment are not subject to the Order of Referral.

For the following reasons, the Court grants the Motions for Summary Judgment as to the

Shererville Defendants and the Lake County Sheriff's Department and recommends that Judge Moody grant the Motion for Summary Judgment as to the Officers John Doe.

## PROCEDURAL HISTORY

On October 29, 2008, Plaintiff Todd filed a Complaint alleging that he was falsely arrested, falsely imprisoned, and beaten by Defendants in violation of the Fourth and Fourteenth Amendments and Indiana state law. On December 12, 2008, Defendant Lake County Sheriff's Department filed an Answer. On December 17, 2008, Defendants Town of Schererville, Indiana, and Officer D. Hunter filed an Answer. On April 9, 2009, Defendants Officers John Doe filed an Amended Answer.

The deadline for Todd to file any motions to amend pleadings was March 5, 2009, and no motion to extend that deadline was filed. After numerous extensions of other discovery deadlines, discovery in this case closed on April 6, 2012.

On July 13, 2012, the Schererville Defendants filed a Motion for Summary Judgment, and on July 15, 2012, the Lake County Defendants filed a Motion for Summary Judgment. On September 14, 2012, Todd filed a response to the Schererville Defendants' Motion, and on October 1, 2012, the Shererville Defendants filed a reply. On October 12, 2012, Todd filed a response to the Lake County Defendants' Motion and on October 25, 2012, the Lake County Defendants filed a reply.

On October 16, 2012, Todd filed Motion to Amend Complaint. On November 7, 2012, the Court issued an Opinion and Order denying Todd's Motion to Amend. On December 10, 2012, Todd filed Motion to Set Aside Order, and the Motion was denied by the Court's Order of January 11, 2013.

The parties orally agreed on the record to have this case assigned to a United States

Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. On March 8, 2013, the Court entered an Order severing the unnamed Officers John Doe for the purposes of 28 U.S.C. § 636(c). Therefore, this Court has jurisdiction to decide this case as to the named defendants pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof

at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-111 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor

of that party. *See Anderson*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir.

2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not

to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth

of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*,

477 U.S. at 249-50.

## FACTUAL BACKGROUND

On October 30, 2006, Paul Todd went into National City Bank in Schererville, Indiana.

After a dispute about cashing a check, Todd told a bank employee that he would be calling the police

to report attempted theft or bank fraud. Bank employee Kathryn Jezuit called the police to report

an unruly patron. Officer Hunter, a police officer for the Town of Schererville, Indiana, responded

to a police call regarding a disturbance at National City Bank. When he arrived at the bank, bank

employees, including Kathryn Jezuit, identified Paul Todd, who was sitting in his car outside the

bank, as the man who had caused the disturbance.

Todd decided to get something to eat and drove from the bank parking lot to the restaurant

parking lot next door. When he got out of the car, Officer Hunter approached Todd and asked to

speak with him. Todd refused. Officer Hunter ordered Todd to get on the ground, and Todd again

refused. Officer Hunter and another officer forced Todd to kneel on the ground, handcuffed him,

and arrested him.

Todd was a pretrial detainee in the Lake County Jail from October 30 to 31, 2006. He

alleges that he was injured in a physical altercation with correctional officers at the Lake County

Jail.

## ANALYSIS

### A.     Schererville Defendants

Todd's Complaint asserts federal and state law claims against the Town of Shererville and Officer Hunter for battery, intentional infliction of emotional distress, false arrest, excessive force, and failure to train or discipline officers. The Schererville Defendants moved for summary judgment on all claims against them. In his response, Todd only addresses the Schererville Defendants' argument as to false arrest. He briefly mentions the existence of his state law claims for battery and intentional infliction of emotional distress, but his argument is limited to the question of probable cause. The Schererville Defendants argue that, because Todd did not address their asserted defenses to his other claims, he has abandoned all but his false arrest claim.

The party contesting summary judgment has an obligation "to highlight which factual averments are in conflict as well as what record evidence there is to confirm the dispute." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921-922 (7th Cir. 1994); *see also Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995). A non-movant's failure to address claims in response to a motion for summary judgment waives those claims. *See Palmer v. Marion County,* 327 F.3d 588, 597 (7th Cir. 2003) (holding that claims not addressed in a summary judgment opposition brief are deemed abandoned); *Laborers Int'l Union of N. Amer. v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999) (stating that arguments not presented to the district court in response to summary judgment motions are waived). Todd failed to include any argument about his state law claims, his excessive force claims, and his failure to train claims against the Schererville Defendants, so these claims are waived.

The only claim remaining before the Court is for false arrest. The Scherville Defendants argue that there was probable cause to arrest Todd, barring this claim.

"Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution." *Mustafa v. City*

*of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (citing *Potts v. City of Lafayette*, 121 F.3d 1106, 1113 (7th Cir. 1997)). Probable cause exists if 'at the time of the arrest, the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Mucha v. Vill. of Oak Brook*, 650 F.3d 1053, 1056-1057 (7th Cir. 2011) (quoting *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009)) (other citations omitted); *see also Earles v. Perkins*, 788 N.E.2d 1260, 1265 (Ind. Ct. App. 2003). The court measures probable cause "not on the facts as an omniscient observer would perceive them," but "as they would have appeared to a reasonable person in the position of the arresting officer." *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998) (citations and quotations omitted); *see also Woods v. City of Chicago*, 234 F.3d 979, 987 (7th Cir. 2000). If "a *reasonable* officer *would have believed* the person had committed a crime," then "the arrest is lawful even if the belief would have been mistaken." *Mahoney v. Kesery*, 976 F.2d 1054, 1057-1058 (7th Cir. 1992) (emphasis in original) (citations omitted). A "jury should determine the existence of probable cause only if 'there is room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them.'" *Mucha*, 650 F.3d at 1056-1057 (quoting *Gonzalez*, 578 F.3d at 537) (other citations omitted).

The Schererville Defendants argue that Officer Hunter had probable cause to arrest Todd based on the complaint of bank officer Jezuit. Todd argues that there is conflicting evidence as to whether he caused a disturbance at the bank or resisted arrest, and that Defendant Officer Hunter did not consider the totality of the circumstances when he arrested Todd. In particular, Todd argues that there is a dispute of fact as to whether it was reasonable for Hunter to believe Jezuit, the bank employee, and that he could have spoken with Todd to determine whether he was fleeing the scene

before arresting him.

The bar for establishing probable cause is not high: "[p]robable cause is only a probability or substantial chance of criminal activity, not a certainty that a crime was committed," *Beauchamp v. City of Noblesville*, 320 F.3d 733, 743 (7th Cir. 2003) (citing *Illinois v. Gates*, 462 U.S. 213, 244 n.13 (1983)), and "need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." *Woods*, 234 F.3d at 996 (quotation omitted). The Seventh Circuit has "consistently held that an identification or a report from a single, credible victim or eyewitness can provide the basis for probable cause." *Driebel v. City of Milwaukee*, 298 F.3d 622, 643 (7th Cir. 2002) (quoting *Woods*, 234 F.3d at 996); *see also Tangwell v. Stuckey*, 135 F.3d 510, 520 (7th Cir. 1998). Indeed, "[t]he complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate." *Beauchamp*, 320 F.3d at 743 (listing cases).

Todd does not explain why Jezuit was not a reliable witness or what about her statement should have caused Officer Hunter to be suspicious. It is undisputed that Jezuit contacted the police complaining that Todd had caused a confrontation in the bank and that she identified Todd to the police when the officers arrived. Todd argues that Officer Hunter did not consider the totality of the circumstances and jumped to the conclusions that Jezuit was credible and that Todd was fleeing the scene, and that a jury is necessary to determine if the officer's assessment of the situation was reasonable. He argues that Officer Hunter should have undertaken more investigation before arresting him. Although further investigation is sometimes necessary, "[w]hen an officer receives information from a third party whom it seems reasonable to believe is telling the truth, the officer has probable cause to effectuate an arrest" without undergoing further investigation. *Sow v.*

*Fortville Police Dep't*, 636 F.3d 293, 302 (7th Cir. 2011) (citing *Kelley*, 149 F.3d at 647).

"[P]robable cause does not depend on the witness turning out to have been right; it's what the police

know, not whether they know the truth, that matters." *Id.* (quoting *Kelley*, 149 F.3d at 647).

Furthermore, it is only necessary for a jury to decide probable cause "if there is room for a

difference of opinion concerning the facts or the reasonable inferences to be drawn from them."

*Chelios v. Heavener*, 520 F.3d 678, 686 (7th Cir. 2008) (quoting *Maxwell v. City of Indianapolis*,

998 F.2d 431, 434 (7th Cir. 1993) (explaining that, "[i]f the underlying facts supporting the probable

cause determination are not in dispute, the court can decide whether probable cause exists"). In this

case, there is no dispute about the underlying facts and what Officer Hunter knew at the time of the

arrest. Todd has not identified any facts that would indicate that Jezuit was less than credible, let

alone that Officer Hunter should have been suspicious of her complaint at the time he received it.

Furthermore, Todd's statement that he was not intending to resist arrest and did not realize

that Hunter was a police officer is insufficient to create a genuine issue of material fact as to

whether, from Officer Hunter's perspective, it reasonably appeared to him that Todd was fleeing the

scene or resisting arrest. Todd admits that he left the bank parking lot, refused to speak to Officer

Hunter when asked, and did not get on the ground when commanded. There is no genuine dispute

that "'seeing what he saw, hearing what he heard' at the time of the incident," *Driebel*, 298 F.3d at

643 (quoting *Richardson v. Bonds*, 860 F.2d 1427, 1431 (7th Cir. 1998)), it could have reasonably

appeared to Officer Hunter that Todd was fleeing the scene and resisting arrest.

Accordingly, there is no genuine issue of material fact that there was probable cause in this

case. Since probable cause is an absolute defense to Todd's Section 1983 claims, *Mustafa*, 442 F.3d

at 547, summary judgment is awarded in favor of Officer Hunter on Todd's claims for false arrest.

As that is the only claim addressed in Todd's response brief, the Schererville Defendants are entitled

to summary judgment on all claims.

## B.    Lake County Defendants

Todd's Complaint asserts state law claims for battery, intentional infliction of emotional distress, and false imprisonment against the John Doe Correctional Officers, and claims arising under the Fourteenth Amendment and 42 U.S.C. § 1983 against the Lake County Sheriff's Department for unconstitutional policy or custom and failure to train officers. The Lake County Defendants argue that they are entitled to summary judgment on all Todd's claims against them.

In his response, Todd concedes that his *Monell* claims against the Lake County Sheriff's Department for failure to train and for unconstitutional policy or custom fail. The Lake County Defendants argue that they are entitled to summary judgment on all of the state law claims because they are asserted against unknown or unnamed parties. Todd's response includes argument addressing his request that the Court allow leave to amend the Complaint to name the officers, but the Court denied his Motion to Amend on November 7, 2012.

Plaintiff cannot proceed against the unidentified John Doe Defendants in this case. *Williams v. Rodriguez*, 509 F.3d 392, 402 (7th Cir. 2007) ("Due to [the plaintiff]'s failure to identify this defendant . . . the district court's grant of summary judgment for this unknown and unnamed defendant is modified to dismiss this defendant from the case."); *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (affirming grant of summary judgment to unnamed defendants and "not[ing] in passing that it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff") (citations omitted). The Court recommends that Judge Moody dismiss the Doe Defendants from this case.

Furthermore, as described above, Todd's failure to address claims in his response brief

waives those claims. Todd does not include any legal argument about any of his claims against the Lake County Defendants. Accordingly, the Lake County Sheriff's Department is entitled to summary judgment on all claims against them. The Court grants summary judgment as to the Lake County Sheriff's Department.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Judge Moody **GRANT** the Joint Motion for Summary Judgment by Lake County Sheriffs Department and Officers John Doe [DE 65] as to the Officers John Doe defendants and dismiss the Officers John Doe defendants from this case.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

The Court hereby **GRANTS** the Partial Motion for Summary Judgment [DE 63], and the Joint Motion for Summary Judgment by Lake County Sheriffs Department and Officers John Doe [DE 65] as to the Lake County Sheriffs Department.

So ORDERED this 12th day of March, 2013.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record