UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PAUL L. TODD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. 2:08 CV 314 |
| | ) |
| LAKE COUNTY SHERIFF'S | ) |
| DEPARTMENT, *et al.* | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On March 12, 2013, Magistrate Judge Cherry issued a written Report and

Recommendation (DE # 84) regarding the Lake County Sheriff's Department and John

Doe defendants' motion for summary judgment (DE # 65). In that Report and

Recommendation, Magistrate Judge Cherry recommended that the court grant that

motion as it relates to the John Doe defendants. (DE # 84 at 10-11.) In accordance with

28 U.S.C. § 636(b)(1), the parties were given fourteen (14) days after service of the

Magistrate's Report and Recommendation to file any written objections thereto with the

Clerk of the court. Plaintiff Paul Todd timely filed objections to Magistrate Judge

Cherry's Report and Recommendation. (DE # 86.) For the following reasons, the court

adopts Magistrate Judge Cherry's Report and Recommendation, and grants the Lake

County Sheriff's Department and John Doe defendants' motion for summary judgment

as it relates to the John Doe defendants.

I.      **Background**

This case has an unusual procedural background, which Magistrate Judge

Cherry provided a thorough summary of in his Report and Recommendation:

> On October 29, 2008, Plaintiff Todd filed a Complaint alleging that he was falsely arrested, falsely imprisoned, and beaten by Defendants in violation of the Fourth and Fourteenth Amendments and Indiana state law. On December 12, 2008, Defendant Lake County Sheriff's Department filed an Answer. On December 17, 2008, Defendants Town of Schererville, Indiana, and Officer D. Hunter filed an Answer. On April 9, 2009, Defendants Officers John Doe filed an Amended Answer.
>
> The deadline for Todd to file any motions to amend pleadings was March 5, 2009, and no motion to extend that deadline was filed. After numerous extensions of other discovery deadlines, discovery in this case closed on April 6, 2012.
>
> On July 13, 2012, the Schererville Defendants filed a Motion for Summary Judgment, and on July 15, 2012, the Lake County Defendants[1] filed a Motion for Summary Judgment. On September 14, 2012, Todd filed a response to the Schererville Defendants' Motion, and on October 1, 2012, the Schererville Defendants filed a reply. On October 12, 2012, Todd filed a response to the Lake County Defendants' Motion and on October 25, 2012, the Lake County Defendants filed a reply.
>
> On October 16, 2012, Todd filed Motion to Amend Complaint. On November 7, 2012, the Court issued an Opinion and Order denying Todd's Motion to Amend. On December 10, 2012, Todd filed Motion to Set Aside Order, and the Motion was denied by the Court's Order of January 11, 2013.
>
> The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. On March 8, 2013, the Court entered an Order severing the unnamed Officers John Doe for the purposes of 28 U.S.C. § 636(c).

---

[1] The Lake County defendants include John Doe Officers. (*See* DE # 65.)

(DE # 86 at 2-3.) After the John Doe defendants were severed by Magistrate Judge

Cherry, the undersigned district court judge issued an order referring the Lake County

Sheriff's Department and John Doe defendants' motion for summary judgment as to the

John Doe defendants to Magistrate Judge Cherry. (DE # 83.) As noted above, Magistrate

Judge Cherry recommended that this motion be granted as to the John Doe defendants.

Specifically, Magistrate Judge Cherry concluded that because the John Doe defendants

had not been identified, plaintiff's case could not proceed against them. (DE # 84 at 10.)

Additionally, Magistrate Judge Cherry concluded that plaintiff had waived his claims

against the John Doe defendants for failing to respond to the arguments made in the

John Doe defendants' motion for summary judgment, which included a statute of

limitations defense. (*Id.* at 10-11.)

Plaintiff makes two objections to Magistrate Judge Cherry's Report and

Recommendation. Todd objects to the portion of Magistrate Judge Cherry's order

granting the Lake County Sheriff's Department and the John Doe defendants' motion

for summary judgment as it relates to Lake County. (DE # 86 at 2-3.) Lake County is not

a defendant in this case (*see* DE # 1); *see also Burton v. Lacy*, No. 1:07-cv-0918, 2008 WL

187552, at *4-5 (S.D. Ind. Jan. 18, 2008) ("[C]ounties in Indiana have no control over

Sheriff's offices."), and the court will assume plaintiff is actually disputing the portion

of Magistrate Judge Cherry's order that granted summary Judgment as to the Lake

County Sheriff's Department. The Lake County Sheriff's Department, however, was not

severed by Magistrate Judge Cherry in his order severing the John Doe defendants, and

the portion of plaintiff's case that dealt with the Lake County Sheriff's Department is

not before the court now. Magistrate Judge Cherry entered final judgment in favor of

the Lake County Sheriff's Department on March 29, 2013. (DE # 87.)

Plaintiff's other objection is to Magistrate Judge Cherry's recommendation that

the undersigned district court judge grant the Lake County Sheriff's Department and

the John Doe defendants' motion for summary judgment as it relates to the John Doe

defendants. Plaintiff does not object to Magistrate Judge Cherry's conclusion that

summary judgment is appropriate on plaintiff's claims against the John Doe defendants

because those defendants have not been identified. Instead, plaintiff asks the

undersigned district court judge to grant him leave to amend his complaint, or

alternatively to dismiss plaintiff's case against the John Doe defendants without

prejudice. (DE # 86 at 1-2.)

Thus, plaintiff does not actually contest any portion of Magistrate Judge Cherry's

Report and Recommendation regarding the John Doe defendants. Instead, plaintiff's

dispute is with Magistrate Judge Cherry's denial of plaintiff's motion for leave to

amend his complaint (DE # 77) and plaintiff's motion to set aside the court's denial of

his motion for leave to amend (DE # 80.) At the time that Magistrate Judge Cherry

issued those orders, the John Doe defendants had not yet been severed, and Magistrate

Judge Cherry therefore still had exclusive jurisdiction over all of the parties in this case.

Had the John Doe defendants been severed at that point, plaintiff could have filed an

objection to Magistrate Judge Cherry's order denying those motions with the

undersigned district court judge. *See* FED. R. CIV. P. 72(a). The court will therefore treat

plaintiff's objection to Magistrate Judge Cherry's Report and Recommendation as an

objection to Magistrate Judge Cherry's order denying plaintiff's motion for leave to

amend and denying plaintiff's motion to set aside that order.

## II.    Analysis

In his objection to Magistrate Judge Cherry's Report and Recommendation,

plaintiff does not make any specific argument that Magistrate Judge Cherry's orders

denying plaintiff's motion for leave to amend or denying plaintiff's motion to set aside

the order denying leave to amend were contrary to law or clearly erroneous, which is

the standard used by a district court judge when reviewing a magistrate judge's order

on a non-dispositive issue. *See* FED. R. CIV. P. 72(a). But even assuming, for the sake of

argument, that either or both of those orders were contrary to law or clearly erroneous,

plaintiff's proposed amended complaint would still be barred by the statute of

limitations, and therefore, the court will adopt Magistrate Judge Cherry's Report and

Recommendation.[2]

Plaintiff's proposed amended complaint (DE # 73-1) reveals that plaintiff wished

to name the previously unnamed John Doe defendants in Counts VII (battery), VIII

---

[2] The John Doe defendants have made the statute of limitations argument three
times. (DE # 66 at 18-19; DE # 74 at 6-9; DE # 89 at 7-8.) Additionally, the Town of
Schererville and Officer Hunter also made this argument in their response to plaintiff's
motion for leave to amend his complaint. (DE # 76 at 3.) Magistrate Judge Cherry
ultimately did not decide the issue. (DE # 77 at 4.) Despite numerous opportunities to
respond to this argument, however, plaintiff has failed to do so.

(intentional infliction of emotional distress), and IX (false imprisonment).[3] These claims

were all brought under state law, and are all subject to a two-year statute of limitations.

*See* IND. CODE § 34-11-2-4 ("An action for . . . injury to person . . . must be commenced

within two (2) years after the cause of action accrues."); *see also Marten v. Office of the Ind.*

*Attorney Gen.*, No. 1:12–cv–00195, 2012 WL 5207617, at *5 (S.D. Ind. Oct. 22, 2012)

(applying IND. CODE § 34-11-2-4 to intentional infliction of emotional distress claim);

*Johnson v. Blackwell*, 885 N.E.2d 25, 30 (Ind. Ct. App. 2008) (applying IND. CODE § 34-11-

2-4 to false imprisonment claim).

Additionally, all three of plaintiff's claims against the John Doe defendants

accrued on October 30, 2006 (DE # 1 at 19; DE # 66-6 at 3),[4] the date that plaintiff was

arrested and released from jail, and the date that the alleged beating took place. *Parish v.*

*City of Elkhart*, 614 F.3d 677, 683 (7th Cir. 2010) (applying Indiana law and concluding

that "[i]f the claimed tort occurred and was completed before the conviction . . . the

claims accrue immediately upon the completion of the tort."); *see also Marten*, 2012 WL

---

[3] Plaintiff also brought several other claims against a separate John Doe defendant, including excessive force (Count II) and false arrest (Count III) under § 1983, and various state-law claims (Counts IV & V) (*See* DE # 1.) Plaintiff did not seek to identify that defendant in his amended complaint. (*See* DE # 73-1.) Even if he had, his state-law claims (discussed below) and his § 1983 claims against that defendant would be barred by the statute of limitations. *Richards v. Mitcheff*, 696 F.3d 635, 637 (2012) ("Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. . . . Indiana allows two years."); *see also Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010) ("[A] claim asserting that a search or seizure violated the fourth amendment—and excessive force during an arrest is such a claim . . . —accrues immediately." (citation omitted)); *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008) ("Fourth Amendment claims for false arrest or unlawful searches accrue at the time of (or termination of) the violation.").

[4] Plaintiff may have actually been released on bond during the early morning hours of October 31, 2006. (DE # 66-6 at 3.)

5207617, at *5 ("A claim for intentional infliction of emotional distress begins to accrue when the underlying event occurred." (citing *Blackwell*, 885 N.E.2d at 30)); *Bedree v. Estate of Lebamoff*, No. 1:04-CV-427, 2008 WL 756161, at *4 (N.D. Ind. Mar. 21, 2008) (plaintiff's false imprisonment claim accrued on date that he posted bond and was released from prison); *Finwall v. City of Chicago*, 490 F. Supp. 2d 918, 921 (N.D. Ill. 2007) ("F]alse imprisonment claims accrue on the date the plaintiff is arraigned or released from custody before being charged." (citing *Wallace v. Kato,* 549 U.S. 384, 389 (2007))); *City of East Chicago, Ind. v. East Chicago Second Century, Inc.*, 908 N.E.2d 611, 618 (Ind. 2009) ("[A] cause of action for a personal injury claim accrues and the statute of limitation begins to run when the plaintiff knew, or in the exercise of ordinary diligence could have discovered, that an injury had been sustained as a result of the tortious act of another.").

A plaintiff cannot, "after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading." *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008); *see also Gomez v. Randle*, 680 F.3d 859, 864 n.1 (2012) ("Accordingly, once the statute of limitations period expires, [plaintiff] cannot amend his complaint to substitute a new party in the place of 'John Doe.'"); *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("We note in passing that it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15 . . . nor can it otherwise help the plaintiff.").

Additionally, the Seventh Circuit has repeatedly held that a "plaintiff's lack of knowledge about a defendant's identity is not a 'mistake' within the meaning of Federal

Rule of Civil Procedure 15(c) such that the plaintiff could amend his complaint outside

the statute of limitations period upon learning the defendant's identity." *Gomez*, 680

F.3d at 864 n.1; *see also Kotter*, 541 F.3d 688, 696 (7th Cir. 2008) ("Not knowing a

defendant's name is not a mistake under Rule 15."); *Mihelic v. Will Cnty., Ill.*, 826 F.

Supp. 2d 1104, 1115 (N.D. Ill. 2011) ("Establishing the existence of a mistake is a

threshold requirement in a 15(c)(1) inquiry and is independent of the determination of

whether the party to be brought in knew the 'action would be brought against him.'"

(quoting *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000))). This

is true even if the unnamed defendants had knowledge that a lawsuit might be brought

against them. *King*, 201 F.3d at 914 ("[W]e have emphasized that the mistake

requirement is independent from whether the purported substitute party knew that

action would be brought against him."); *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th

Cir. 1993) ("'Thus, in the absence of a mistake in the identification of the proper party, it

is irrelevant for the purposes of Rule 15(c)(2) [current Rule 15(c)(3) ] whether or not the

purported substitute party knew or should have known that the action would have

been brought against him.'" (quoting *Wood v. Worachek*, 618 F.2d 1225, 1229-30 (7th Cir.

1980))).[5]

---

[5] There is some question whether the Supreme Court's decision in *Krupski v. Costa Crociere S. p. A.* changed the rule that a lack of knowledge about a defendant's identity is not a "mistake" for purposes of Federal Rule of Civil Procedure 15(c). 130 S. Ct. 2485 (U.S. 2010). Several other circuits had the same rule as the Seventh Circuit, *see, e.g., Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469-47 (2d Cir. 1995), and district courts in those circuits are split on whether *Krupski* abrogated that rule. *Compare Dominguez v. City of New York*, No. 10 Civ. 2620, 2010 WL 3419677, at *2-3 (E.D. N.Y. Aug. 27, 2010), *and Feliciano v. County of*

Therefore, even assuming Magistrate Judge Cherry's orders were contrary to law, granting leave to amend plaintiff's complaint would still have been inappropriate because plaintiff cannot, "after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading." *Kotter*, 541 F.3d at 696. The limitations period for plaintiff's claims expired a few days after plaintiff filed his complaint in October 2008. His attempt to add the previously unidentified John Doe defendants nearly four years later was barred by the statute of limitations.

Finally, plaintiff did not object to Magistrate Judge Cherry's basis for recommending that the undersigned district court judge grant the John Doe defendants' motion for summary judgment, that unidentified defendants cannot proceed past summary judgment, and that plaintiff had waived those claims. (DE # 84 at 10-11.) Plaintiff has therefore waived any objection to Magistrate Judge Cherry's analysis. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760 (7th Cir. 2009) ("If no party objects to the magistrate judge's action, the district judge may simply accept it."). But, in

---

*Suffolk,* No. CV 04–5321, 2013 WL 1310399, at *9 (E.D. N.Y. Mar. 28, 2013), *with Bishop v. Best Buy, Co. Inc.,* No. 08 Civ. 8427, 2010 WL 4159566, at *2-4 (S.D. N.Y. Oct. 13, 2010). The court was only able to find one appellate court that has directly addressed this issue, the Sixth Circuit, which has continued to apply the rule after *Krupski. See Brown v. Cuyahoga Cnty., Ohio*, No. 12–3562, 2013 WL 1003511, at *2 (6th Cir. Mar. 15, 2013); *Smith v. City of Akron*, 476 F. App'x 67, 69-70 (6th Cir. Apr. 6, 2012).

The Seventh Circuit has addressed *Krupski* only once, in *Joseph v. Elan Motorsports Technologies Racing Corp.*, 638 F.3d 555 (7th Cir. 2011), and the Seventh Circuit has continued to apply the rule after both *Krupski* and *Joseph. See Gomez*, 680 F.3d at 864 n.1; *Santiago v. Anderson*, 496 F. App'x 630, 631-32 (7th Cir. 2012); *Vance v. Rumsfeld*, 701 F.3d 193, 211 (7th Cir. 2012) (en banc) (Wood, J., concurring in judgment); *Flournoy v. Schomig*, 418 F. App'x 528, 532 (7th Cir. 2011); *see also Elliot v. Price*, No. 10–cv–0609, 2011 WL 3439240, at *7 (S.D. Ill. Aug. 5, 2011); *Daniel v. City of Matteson*, No. 09–cv–3171, 2011 WL 198132, at *4 (N.D. Ill. Jan. 18, 2011). This court, therefore, will continue to apply the rule.

any event, Magistrate Judge Cherry was correct in his conclusion that plaintiff's case could not proceed against the John Doe defendants. *Weichman v. Clarke*, 434 F. App'x 545, 548 (7th Cir. 2011). Additionally, as noted above, the statute of limitations has run on plaintiff's claims against the John Doe defendants.

III.    **Conclusion**

For the foregoing reasons, plaintiff's objection to Magistrate Judge Cherry's Report and Recommendation is **OVERRULED** (DE # 86), and the court **ADOPTS** Magistrate Judge Cherry's Report and Recommendation as it relates to the John Doe defendants. (DE # 84.) The Lake County Sheriff's Department and John Doe defendants' motion for summary judgment is **GRANTED** as it relates to the John Doe defendants, and plaintiff's case against the John Doe defendants is dismissed with prejudice.[6] (DE # 65.) There being no claims remaining against the John Doe defendants in this case, the clerk is directed to **ENTER FINAL JUDGMENT** as follows:

> Judgment is entered in favor of defendant Officers John Doe, and against plaintiff Paul Todd, who shall take nothing by way of his complaint.

**SO ORDERED.**

Date: May 17, 2013

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[6] In his objection to Magistrate Judge Cherry's Report and Recommendation, plaintiff requests that the court dismiss plaintiff's claims against the John Doe defendants without prejudice. (DE # 86 at 1-2.) As noted above, however, the statute of limitations has run on these claims, and dismissal without prejudice is therefore inappropriate. *Conover v. Lein*, 87 F.3d 905, 908 (7th Cir. 1996) ("As the district court held that the Illinois statute of limitations had run . . . the dismissal should have been with prejudice.").