UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PAUL L. TODD, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:08-CV-314-JTM-PRC |
| ) | |
| LAKE COUNTY SHERIFF'S ) | |
| DEPARTMENT; TOWN OF ) | |
| SCHERERVILLE, INDIANA; Officer ) | |
| D. HUNTER; and Officers JOHN DOE, ) | |
| Yet Unidentified Police and/or ) | |
| Correctional Officers, in their ) | |
| individual and Official Capacities ) | |
| as Public Employees, ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendants Town of Schererville, Indiana and Officer Hunter's Motion for Award of Attorneys' Fees [DE 91], filed by Defendants Town of Schererville, Indiana and Officer D. Hunter on April 12, 2013. Plaintiff Paul L. Todd filed his response on April 26, 2013, and Defendants filed their reply on May 3, 2013.

**BACKGROUND**

On October 30, 2006, Plaintiff Paul Todd and Mike Todd (Plaintiff's brother), entered the National City Bank in Schererville, Indiana. Mike Todd attempted to cash a cashier's check. A bank employee, Kathryn Jezuit, stated that the check would have to clear before she could exchange cash for the check. Plaintiff argued with Ms. Jezuit, asserting that the bank was required to immediately provide cash upon presentment of the check. The argument led to both Ms. Jezuit and Plaintiff calling the police. Ms. Jezuit reported an unruly customer, and Plaintiff reported that the bank was attempting to steal his brother's check. Plaintiff exited the bank and waited in his car in the bank's

1

parking lot. Officers Hunter and Doe were dispatched to the bank. After arriving at the bank, bank employees, including Ms. Jezuit, identified Plaintiff, who was sitting in his car outside the bank, as the unruly customer.

While Officers Hunter and Doe were still inside the bank, Plaintiff decided to get something to eat at a restaurant next door. Plaintiff drove from the bank parking lot to the restaurant parking lot. After Plaintiff exited his vehicle, Officer Hunter approached him and asked to speak with him. Plaintiff refused. Officer Hunter then ordered Plaintiff to get on the ground, and Plaintiff again refused. Officers Hunter and Doe then forced Plaintiff to the ground, handcuffed him, and arrested him.

On October 29, 2008, Plaintiff filed a Complaint alleging various federal and state law causes of action against Defendants and other parties. Plaintiff alleged false arrest and excessive force in violation of 42 U.S.C. § 1983 and state law battery and intentional infliction of emotional distress against Officers Hunter and Doe. He also brought a *Monell* claim against the Town of Schererville, Indiana. On December 17, 2008, Defendants Town of Schererville, Indiana and Officer Hunter filed an Answer.

On July 13, 2012, Defendants filed a joint motion for summary judgment. On September 14, 2012, Plaintiff filed his response. On October 1, 2012, Defendants filed their reply. On March 12, 2013, this Court granted Defendants' motion. On April 12, 2013, Defendants then filed the instant motion seeking attorney's fees pursuant to 42 U.S.C. § 1988.

**ANALYSIS**

42 U.S.C. § 1988 provides that "[i]n any action or proceeding to enforce . . . [42 U.S.C. §1983] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." Although § 1988 does not expressly authorize prevailing defendants to recover

attorney's fees incurred defending against state law claims, the Seventh Circuit Court of Appeals has stated that such a recovery may be appropriate when the state law claims are brought concurrently with a § 1983 claim and arise out of the same facts. *See Munson v. Milwaukee Bd. of School Dirs.*, 969 F.2d 266, 272 (7th Cir. 1992) ("When . . . federal and pendent claims are factually or legally related, they should be treated as one action for purposes of § 1988 fee awards."). Defendants, having prevailed at summary judgment on Plaintiff's § 1983 and state law claims, argue that they are entitled to attorney's fees under § 1988.

Although § 1988 gives courts discretion when deciding whether to award attorney's fees, "[a]ny defendant who seeks fees under § 1988 for the cost of defense in the district court has a tough row to hoe." *Redwood v. Dobson*, 476 F.3d 462, 470 (7th Cir. 2007); *see also Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill.*, 424 F.3d 659, 675 (7th Cir. 2005) ("Although [§ 1988] specifies the award of [attorney's] fees is within the court's discretion, it is clear that prevailing defendants have a much harder row to hoe than do prevailing plaintiffs."). While "prevailing plaintiffs receive attorney's fees as a matter of course," *Khan v. Galitano*, 180 F.3d 829, 837 (7th Cir. 1999), prevailing defendants may be awarded attorney's fees only upon a finding that the plaintiff's claim is "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so," *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). The Seventh Circuit Court of Appeals has cautioned that "[t]here is a significant difference between making a weak argument with little chance of success . . . and making a frivolous argument with no chance of success." *Khan*, 180 F.3d at 837. A suit is frivolous only when "it has no reasonable basis, whether in fact or in law." *Roger Whitmore's Auto. Servs.*, 424 F.3d at 675 (citation and internal quotation marks omitted).

However, a prevailing defendant need not demonstrate bad faith on the part of a plaintiff in

3

establishing the frivolity of a suit. *See Coates v. Bechtel*, 811 F.2d 1045, 1049 (7th Cir. 1987) ("An award of attorney's fees to a prevailing defendant is not dependent upon a showing that the plaintiff commenced the action in bad faith."). This standard has been consistently applied to those cases arising under § 1983. *See Hughes v. Rowe*, 449 U.S. 5, 14-15 (1980); *Roger Whitmore's Auto. Servs.*, 424 F.3d at 675. In the event a plaintiff has asserted both frivolous and non-frivolous claims, "a court may grant reasonable fees to the defendant . . . , but only for costs that the defendant would not have incurred but for the frivolous claims." *Fox v. Vice*, 131 S. Ct. 2205, 2211 (2011).

Plaintiff does not dispute that Defendants are prevailing parties under § 1988. The only issue before the Court is whether Plaintiff's claims were frivolous under § 1988. The Court will address the § 1983 *Monell* claim against Defendant Town of Schererville before turning to the claims brought against Defendant Officer Hunter.

*1. Town of Schererville*

Plaintiff's §1983 *Monell* claim alleged that Defendant Town of Schererville, Indiana had a policy that caused Plaintiff to be the victim of excessive force on the part of Officers Hunter and Doe. Schererville contends that the claim was frivolous at the outset of the litigation, or, in the alternative, became so during the course of litigation. Generously read, Plaintiff's response brief argues that the *Monell* claim was abandoned early in the litigation once it was determined that Plaintiff could not prevail on the claim.

As an initial matter, the Court concludes that Plaintiff did not signal to Schererville that the claim was abandoned during the course of litigation. While Plaintiff's deposition testimony suggested that he was no longer bringing an excessive force claim against Officer Hunter, it did not indicate that Plaintiff had abandoned the claim that Officer Doe's alleged use of excessive force was caused by an official policy of Schererville. The Court's conclusion is further bolstered by the fact

4

that Plaintiff moved to amend his Complaint after Defendants' Motion for Summary Judgment was filed, and the proposed amended complaint included the *Monell* claim against Schererville. If Plaintiff had indeed abandoned the *Monell* claim, it would not have been present in the proposed amended complaint.

The Court concludes that Plaintiff's *Monell* claim was not frivolous at the outset of the litigation. Plaintiff's Complaint alleged a cognizable theory of municipal liability. The fact that Plaintiff was eventually unable to bring forth facts in support of the claim does not render the claim frivolous *ab initio*. *See Leffler v. Meet*, 936 F.2d 981, 986 (7th Cir. 1991) ("Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." (citation and internal quotation marks omitted)). Plaintiff's Complaint alleged that Officers Hunter and Doe used excessive force in arresting him, and discovery may have demonstrated that an official policy of Schererville was the motivating force behind this alleged deprivation of Plaintiff's civil rights. Plaintiff's inability to prove the claim does not mandate a finding that the claim was frivolous from the outset.

However, the Court agrees with the Town of Schererville that the claim became frivolous during the course of litigation. Plaintiff filed his Complaint against Schererville in October 2008, discovery closed in April 2012, and Schererville filed its motion for summary judgment in July 2012, at which point Plaintiff failed to even address the *Monell* claim. Thus, after almost four years of litigation, Plaintiff abandoned his sole claim against Schererville without bringing forth a single fact supporting it. In response to the instant motion, Plaintiff again fails to provide the Court with any basis for Schererville being named as a defendant in his suit. Thus, while Plaintiff may have had a cognizable claim against Schererville at the outset of this litigation, he has failed to provide the Court with any basis for concluding that the claim did not become frivolous during the course of

litigation.

The Court concludes that Plaintiff's *Monell* claim against Schererville became frivolous at the close of discovery, and the Court grants the instant motion for attorney fees to that extent. Schererville is granted leave to file with the Court a fee petition identifying those costs incurred after the close of discovery. However, Schererville may only include those costs that it "would not have incurred but for the frivolous claim[ ]." *Fox v. Vice*, 131 S. Ct. 2205, 2211 (2011). Thus, any costs that were incurred as a result of Plaintiff's suit against Officer Hunter may not be included in the fee petition.

*2. Officer Hunter*

Defendants also argue that Plaintiff's claims against Officer Hunter were frivolous from the outset, or, in the alternative, became frivolous during the course of litigation. Plaintiff's Complaint contained the following claims against Officer Hunter: (1) excessive force under § 1983, (2) false arrest under § 1983, (3) state law battery, and (4) state law intentional infliction of emotional distress.

Defendants offer no substantive argument that Plaintiff's excessive force, battery, and intentional infliction of emotional distress claims were frivolous at the time Plaintiff filed his Complaint. Indeed, Defendants' motion does not discuss any of the underlying facts or legal standards related to these claims. Instead, Defendants' argument that these claims were frivolous relies completely on Plaintiff's statement during his deposition that he has no problem with Officer Hunter outside of the false arrest. Although Defendants do not explain how this statement rendered the claims frivolous from the outset of the litigation, the Court understands Defendants to be arguing that the statement is a concession that there was never any factual basis for the excessive force, battery, and IIED claims. The Court does not agree with this interpretation. An equally plausible

interpretation of the statement is that Plaintiff was no longer pursuing these claims against Officer Hunter despite the fact that there was a non-frivolous basis for each claim. A plaintiff is free to abandon weak, non-frivolous claims during litigation under § 1983 without being subject to a finding of frivolity. A contrary rule would result in needless litigation that no party is interested in pursuing. Plaintiff's response brief indicates that the statement was simply an abandonment of the claims, and Defendants' reply brief does not contradict Plaintiff's interpretation. Thus, the Court finds that Plaintiff's statement did not render the claims frivolous from the outset of the litigation.

Defendants argue that even if these claims were not frivolous at the outset of the litigation, they became frivolous following Plaintiff's deposition. Even if the Court were to accept that the claims became frivolous following the deposition, it would not matter because the Court interprets the statement to be an abandonment of the claims. While it would have been prudent for Plaintiff to voluntarily dismiss these claims, the Court concludes that the statement provided Defendants with notice that the claims were no longer live. Because Defendants have offered no evidence that Plaintiff continued to litigate the claims following the deposition, the Court concludes that Plaintiff did not litigate these claims after they became frivolous. Accordingly, the Court denies Defendants' request for an award of attorney's fees incurred in defending against the excessive force, battery, and IIED claims against Officer Hunter.

Defendants' final argument for attorney's fees relates to Plaintiff's false arrest claim under § 1983. Defendants assert that the claim was frivolous at the time the Complaint was filed, or, in the alternative, became frivolous when Plaintiff received the affidavit of Ms. Jezuit.

In order "[t]o prevail on a claim of false arrest, [a plaintiff] must show there was no probable cause for his arrest." *Thayer v. Chiczewski*, 705 F.3d 237, 246 (7th Cir. 2012). "Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful

arrest." *Id.* (citation and internal quotation marks omitted). An officer has probable cause "if at the time of the arrest, the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed . . . an offense." *Id.* (citation and internal quotation marks omitted).

Defendants first argument is that Plaintiff's Complaint was frivolous when filed because Plaintiff was in possession of the police report concerning Plaintiff's arrest, which demonstrated that Officer Hunter had probable cause to arrest Plaintiff. The Court is unable to evaluate Defendants' argument because the police report was not attached to either the instant motion or to the motion for summary judgment. As a result, the Court denies Defendants' request to find that Plaintiff's false arrest claim was frivolous from the outset of the litigation.

Defendants' next argument is that Plaintiff's false arrest claim became frivolous when Plaintiff received the affidavit of Ms. Jezuit. Ms. Jezuit testified that she told Officer Hunter that she was involved in a verbal confrontation with Plaintiff in the bank and that she identified Plaintiff sitting in his car to Officer Hunter. The Court does not agree that Plaintiff's receipt of Ms. Jezuit's affidavit rendered his claim frivolous going forward. Ms. Jezuit reported a "verbal confrontation" to Officer Hunter. Verbal confrontation could encompass a wide range of behavior, both criminal and non-criminal. Plaintiff could credibly argue that even if Officer Hunter considered Ms. Jezuit's report to be perfectly credible, the conduct reported by Ms. Jezuit did not constitute a crime. Under this theory, Officer Hunter received a credible report of non-criminal behavior, which would not provide probable cause for Plaintiff's arrest. While this is a weak claim—so weak that the Court granted Defendants' motion for summary judgment on it—the claim was not frivolous under § 1988. Accordingly, the Court denies Defendants' request for an award of attorney's fees with respect to Plaintiff's false arrest claim against Officer Hunter.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** Defendants Town of Schererville, Indiana and Officer Hunter's Motion for Award of Attorneys' Fees [DE 91], granting § 1988 attorney fees to Defendant Town of Schererville, Indiana for those costs incurred after the close of discovery related only to the defense of the *Monell* claim but not for any costs incurred as a result of Plaintiff's suit against Officer Hunter. Defendant Town of Schererville, Indiana shall file a fee petition identifying these costs on or before **October 25, 2013**.

SO ORDERED this 9th day of October, 2013.

    s/ Paul R. Cherry
    MAGISTRATE JUDGE PAUL R. CHERRY
    UNITED STATES DISTRICT COURT

cc:     All counsel of record